UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RITA M. ALLAIRE AND                         CIVIL ACTION
DON C. RICHARDSON
                                            NO. 02-475
VERSUS
                                            SECTION "C"(1)
MARIA VAN NIFTRIK BENTON

### ORDER AND REASONS

Before the Court is a Motion for Reconsideration or to Amend and Alter the Judgment Dismissing Third Party-Defendant, Harold Butchart, (Doc. 115) filed on behalf of Third Party-Plaintiff, Maria Benton. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### Background

This diversity suit arises out of the Plaintiffs' efforts to enforce a promissory note. Maria Benton ("Benton") filed a counterclaim raising allegations of fraud in connection with the inducement and execution of the note, and named Harold Butchart ("Butchart") as a Third-Party Defendant. In 2004, Butchart filed a Motion to Dismiss (Doc. 87), which this Court denied after hearing argument from the parties (Doc. 102).

In March 2005, the Court entered a Stay of Proceedings (Doc. 111) after the 22nd Judicial

District Court for the Parish of St. Tammany entered a Preliminary Limited Interdiction against Benton, with leave for the parties to move to lift the stay at an appropriate time.  On May 16, 2006, Butchart filed a second Motion to Dismiss (Doc. 113), which he filed *ex parte*, and without a Notice of Hearing.  Butchart argued that he should be dismissed pursuant to the Service Member's Civil Relief Act because he is on active duty with the United States Army.  On May 19, 2006 this Court executed an Order granting Butchart's Motion to Dismiss, dismissing him from this matter with prejudice (Doc. 114).

**Law and Argument**

The Federal Rules of Civil Procedure provide that any party may file a motion to alter or amend a judgment within ten days after its entry.  Fed. R. Civ. P. 59(e).  Under Rule 59, a district court enjoys considerable discretion in granting or denying such a motion.  Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990).  Reconsideration is warranted to correct a clear error of law or to prevent manifest injustice.  In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002); Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989).

In this motion, the issue is whether this Court erred in dismissing, with prejudice, Third Party-Defendant, Butchart.  Benton argues that the Order granting Butchart's Motion to Dismiss, with prejudice, is a clear error of law and is manifestly unjust to Benton because Butchart submitted the motion to dismiss *ex parte* and without noticing it for hearing.  Butchart's Opposition states that his failure to file a Notice of Hearing was simply an inadvertent omission and that he remains on active duty with the U.S. Army.[1]

---

[1] The Court notes that Butchart may have made misrepresentations in his filing regarding his military status and how long he has been or will be overseas. The Court cautions Butchart that even though he is proceeding pro se, he is obligated to comply with court rules, including

Local Rule 7.2E provides that a party, at the time of filing a motion, "shall" notice it for hearing within a reasonable time.  In this case the Motion to Dismiss was not noticed for hearing and resulted in a final disposition of the matter relating to the Third Party-Defendant.  It would be unjust not to allow Benton the opportunity to oppose this motion, which ultimately disposes of Benton's claim against Burtchart.

Butchart's contends that he is unable to participate in this action in any capacity under the Service Member's Civil Relief Act (SCRA), Section 526.  50 U.S.C. App. §501, *et seq.* (2006). However, the SCRA, Section 526, only authorizes the tolling of statute of limitations:

> The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns.

The SCRA, Section 526, does not permit this court to dismiss Butchart's claims, allowing him to entirely avoid participation in this action.

In fact, the SRCA generally will not apply in this case as the SCRA extends authority to courts to grant stays of proceedings in favor of service members on active duty, not dismissals, provided the service member-party fulfills several conditions.   Id at § 522(b)(1).  Here, Butchart only filed a Motion to Dismiss himself as a Third Party-Defendant, instead of filing a motion to stay this proceedings, as per SRCA.  Further, even if Butchart had requested a stay of this proceedings, instead of a dismissal, he failed to make the specific showing required under the

---

Rule 11 of the Federal Rules of Civil Procedure. Any future misrepresentations, if verified, will be subject to sanctions.

SCRA.[2]

Therefore, because this Court finds that it erred in granting Butchart's *exparte* Motion to Dismiss, the Court reverses its order dismissing Third Party Defendant, Butchart, and denies his motion to dismiss for the reasons stated above.

Accordingly,

**IT IS ORDERED** that Maria Benton's Motion for Reconsideration or to Amend and Alter the Judgment dismissing Third Party-Defendant Butchart, (Doc. 115) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Order granting Harold Butchart's Motion to Dismiss (Doc, 114) is hereby **REVERSED** and **DENIED**.

New Orleans, Louisiana, this 25th day of July, 2006.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

---

[2] Additionally, this Court has already granted a stay in this proceeding based on the limited interdiction of Benton.