UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RITA M. ALLAIRE AND**
**DON C. RICHARDSON**                                         **CIVIL ACTION**

**VERSUS**                                                            **NO: 02-0475**

**MARIA VAN NIFTRIK BENTON**                          **SECTION "C" (1)**

## ORDER AND REASONS

Before the Court is a Maria Benton's Motion for Court Appointed Attorney. Rec. Doc. 252. For the following reasons, the Motion is **DENIED.**

There is no automatic right to the appointment of counsel in a civil case. *F.T.C. v. Assail, Inc.*, 410 F. 3d 256, 267 (5th Cir. 2005). However, courts have appointed counsel in civil rights cases brought pursuant to 42 U.S.C. § 1983 when extraordinary circumstances exist. *Branch v. Cole*, 686 F.2d 264 (5th Cir.1982); *Ulmer v. Chancellor*, 691 F. 2d 209, 212 (5th Cir. 1982). In a civil case, a federal court has considerable discretion in determining whether to appoint counsel. *Branch,* 686 F.2d at 266.

Considering there is not any constitutional right to the appointment of counsel in a civil case, the Court applies the exceptional circumstances standard utilized in section 1983 cases for determining whether Ms. Benton should be appointed counsel despite that this case does not involved that subject matter.

Although "(n)o comprehensive definition of exceptional circumstances is practical," *Branch*, 686 F.2d at 266, a number of factors should be considered in ruling on requests for appointed counsel. These include: (1) the type and complexity of the case; (2) whether petitioner is capable of presenting his case adequately; (3) whether petitioner is in a position to investigate the case adequately; and (4) whether the evidence will consist in large part of conflicting testimony, so as

to require skill in the presentation of evidence and in cross examination. *Ulmer,* 691 F. 2d at 213 (citations omitted).

This suit involves a simple promissory note and does not present great complexity. While Ms. Benton asserts that she has a cognitive impairment, the records she produced in support indicate that she is a "woman of well above average intellect" who may have experienced a decline in cognitive abilities related to a motor vehicle accident in 1986. Exhibit "A" attached to Rec. Doc. 254. Her neuropsychologist opined that "more likely than not, [the 1986] injury resulted in decreased ability to make decisions and judgments in a matter that is in her best interest and an inability to adequately comprehend and encode written information in memory, in order to make such decisions." *Id.* In spite of these limitations, Ms. Benton has represented herself *pro se* in this matter since 2007 and has filed many, many motions which present coherent arguments. She also has issued subpoenas to non-parties. Ms. Benton has also participated in many Court ordered conferences and has demonstrated a general understanding of the facts and issues in this case. Based upon Ms. Benton's demonstrated ability to file motions, understand the issues, and recall the facts, the Court concludes she is capable of presenting her own case. Further, Ms. Benton's recent motion to amend her witness and exhibit list indicates that she has the ability to investigate her case as she states that she now needs to amend those lists because she has recently discovered pertinent facts requiring amendment. Finally, there is not any indication that testimony in this matter would require skilled cross examination on the part of Ms. Benton.

Accordingly, exceptional circumstances do not exist and the motion is **denied.**

**IT IS ORDERED** that Maria Benton's Motion for Appointment of Counsel (Rec. Doc. 252) is denied.

New Orleans, Louisiana, this 25th day of August, 2008.

											_____
											**HELEN G. BERRIGAN**
											**UNITED STATES DISTRICT JUDGE**