UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RITA M. ALLAIRE, et al | CIVIL ACTION |
| VERSUS | NO. 002-0475 |
| MARIA VAN NIFTRIK BENTON | SECTION: "C" (1) |

## ORDER AND REASONS

Before the Court is defendant and third-party plaintiff's Motion for a New Trial, Amendment of Judgment or Relief from Judgment (Rec. Doc. 299). On August 28, 2009, this Court ruled against defendant and denied her relief on her claims as third-party plaintiff. (Rec. Doc. 293.) Defendant's motion was taken under advisement on the brief without oral argument. Based on the memorandum by defendant, the record, and the law, the Court DENIES defendant's motion for the following reasons.

## LAW AND ANALYSIS

Defendant's motion seeks a new trial under Rule 59(a) and relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(a) states in relevant part:

> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
> . . .
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

1

"Any such [Rule 59] motion must be based upon manifest error of law or mistake of fact and a 'judgment should not be set aside except for substantial reasons.'" *Theriot v. Parish of Jefferson*, 966 F.Supp. 1435, 1452 (E.D.La. 1997)(citing 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2821, at 136 (1973) and 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2804, at 53 (1995)).

Rule 60 states, in relevant part, that a party may seek relief from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

...

(6) any other reason that justifies relief.

Courts faced with Rule 60(b) motions must balance the competing interests of finality in judgment with ensuring that "justice be done in light of all the facts." *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir.1970). The Court should also consider whether the motion for reconsideration was filed within a reasonable time; if the moving party's claim or defense has merit, then if the interest in deciding the case on its merits is outweighed by the

2

interest in the finality of judgments; if any intervening equities would make granting relief inequitable; and any other relevant factors impacting the justice of the decision under reconsideration. *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir.1984)(citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir.1962)).

Defendant raises a host of arguments in support of her motion. Many of her arguments simply rehash her trial arguments and therefore have already been addressed by this Court in the prior order denying defendant relief.[1] (See Rec. Doc. 293.) Other arguments, such as discovery abuse by her own former attorney, are simply not relevant. Even where possibly relevant, such as her claims that plaintiffs failed to comply with her discovery requests, defendant failed to raise these issues prior to trial, despite numerous pre-trial conferences, when the Court could have addressed them. Nor has defendant shown any prejudice resulting from the alleged failure to provide discovery.

Defendant also argues that this Court arbitrarily shortened the trial duration to two days from three, resulting in a miscarriage of justice. First, the Court notes that defendant failed to object at trial to the closing of testimony. Second, this Court extended considerable latitude to defendant, who represented herself, to present evidence and testimony over the two full days of trial. Indeed, with professional counsel, the duration of trial could have been further condensed to one day. Third, while defendant laments she was not given the opportunity to testify as to

---

[1] For example, defendant provides additional evidence of damages.

every trial exhibit submitted, the Court took the exhibits under submission and into account - as is customary in a non-jury trial. Simply because the defendant did not opine on each exhibit does not mean that each exhibit was not considered by this Court in determining the outcome of this litigation.

Next, defendant claims that this Court simply did not comprehend the enormity of defendant's alleged traumatic brain injury. This Court considered Dr. Benton's testimony as well as the testimony of plaintiffs and defendant in finding that even if defendant suffered from traumatic brain injury, she nevertheless could be considered competent at the time of signing the promissory note at issue. Moreover, as defendant was the driving force behind the purchase of the Highway 22 property and sale of defendant's Kiskatom home, defendant's claim that plaintiffs committed fraud and took advantage of her alleged injuries fails. Additional evidence relating to defendant's alleged injuries does not alter these facts.[2]

Next, defendant argues this Court erred in not allowing Ed Paige to testify via telephone at trial. Defendant proffered that Mr. Paige would testify as to his past business dealings with plaintiffs and that in his opinion, the plaintiffs had engaged in fraud against him. The Court advised defendant that her proffer was sufficient and that the Court would take that information under consideration. (Rec. Doc. 283.) Further details - particularly since the testimony was to a

---

[2] The Court also notes that this additional evidence does not qualify as "newly discovered," since it was known to defendant prior to trial.

completely unrelated financial transaction and a dispute that did not involve defendant - were not necessary.

Last, defendant offers numerous additional arguments and evidence pertaining to alleged perjury or fraud by plaintiffs. The majority of proffered evidence or arguments do not relate to the real estate and contract dispute at issue in this trial, but rather purport to show a pattern of, or propensity for, perjury and fraud by the plaintiffs. The evidence produced does not affect the key findings of this Court for the plaintiffs.

Defendant fails to cite any substantial reason for the Court to revisit her prior opinion.

## **CONCLUSION**

Accordingly and for the reasons stated above,

**IT IS ORDERED that defendant's Motion for a New Trial, Amendment of Judgment or Relief from Judgment (Rec. Doc. 299) is DENIED.**

New Orleans, Louisiana, this 4th day of December, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**